NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 21, 2020*
Decided January 22, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

| | |
|---|---|
| No. 19-2456 | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| LOUISA M. RASHEED, *Plaintiff-Appellant,* | |
| *v.* | |
| INDIANA DEPARTMENT OF CHILD SERVICES, *Defendant-Appellee.* | No. 4:18-cv-00156-RLY-DML Richard L. Young, *Judge*. |

**Order**

Louisa Rasheed contends that a state judge wrongfully removed her son from her care as a result of perjury committed by employees of "Floyed County CPS". (The child-care agency located in Floyd County is part of the state's Department of Child Services, which we have substituted as the proper defendant. See *Townsley v. Marion County Department of Child Services*, 848 N.E.2d 684, 686 n.5 (Ind. App. 2006).) She sought relief

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

under 42 U.S.C. §1983, but the district court held that states and their agencies are not "persons" for the purpose of that statute. See 2019 U.S. Dist. LEXIS 117714 (S.D. Ind. July 16, 2019), relying on *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). After dismissing the federal claim, the district court declined to entertain state-law theories.

The body of Rasheed's complaint mentions Haylee Cody, one of the Department's employees. The district judge did not treat Cody as a defendant. Rasheed's brief in this court does not mention Cody, so we need not decide whether it would have been possible for her to proceed against Cody, or some other natural person, under the approach of *Ex parte Young*, 209 U.S. 123 (1908).

Rasheed contends on appeal that Indiana wrongly interfered with her fundamental right to direct the upbringing of her child. See *Sebesta v. Davis*, 878 F.3d 226, 228 (7th Cir. 2017). Her immediate problem, however, is her failure to name as a defendant any "person" within the scope of §1983. Rasheed's appellate brief ignores this problem, even though it was the principal ground on which she lost in the district court.

Our conclusion that this suit must be dismissed for failure to name a "person" makes it unnecessary to consider the bearing of the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing the decisions of state tribunals in civil litigation. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). But Rasheed must understand that, if she wishes to contest a decision of a state court regarding custody of her son, she must appeal within the state judiciary and potentially seek review by the Supreme Court of the United States, rather than file an independent suit in federal district court.

AFFIRMED